**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRST MERCURY INSURANCE CO., | : |
| Plaintiff, | : **OPINION** |
| v. | : Civ. No. 2:12-cv-06527 (WHW) |
| JAY S. MARKOWITZ, ESQ., JIMMY MASARWA, TWO JAYS REAL ESTATE, INC., MOHAMMED ABBASI, NORA ABASSI, ABBASI REALTY, INC., | : |
| Defendants. | : |

**Walls, Senior District Judge**

Defendants Jimmy Masarwa, Jay Markowitz, and Two Jays Real Estate, Inc. ("Two Jays") appeal an order by Magistrate Judge Waldor ruling that Markowitz waived attorney-client privilege with respect to an email sent to his attorneys during a previous litigation. Decided without oral argument under Federal Rule of Civil Procedure 78, this motion is denied because the Magistrate Judge's order was not clearly erroneous or contrary to law.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case was discussed in detail in the Court's May 14, 2014 opinion denying Defendants' motion for partial summary judgment, ECF No. 54, and is recited here only as relevant to the present motion. Plaintiff First Mercury Insurance Company ("First Mercury") provides professional insurance to lawyers and issued a policy covering Defendant Markowitz, subject to certain exclusions. *Id.* at 1-2. Markowitz was sued in state court by his business partner, Defendant Masarwa, and their company, Two Jays, over legal advice he gave to

1

**NOT FOR PUBLICATION**

Masarwa relating to a real estate transaction involving Two Jays. *Id.* at 2-3. First Mercury and its adjuster, Crum & Forster, initially defended Markowitz through the law firm Capehart & Scatchard. *Id.* at 3-4. They later withdrew their defense after determining that the action was not covered by Markowitz's professional liability policy because his role at Two Jays was allegedly not limited to client representation but instead included a business function. *Id.* Markowitz then entered into a consent agreement with Masarwa and Two Jays in which he assigned to them any claims he might have against First Mercury. *Id.* at 5. First Mercury brought this action on October 16, 2012, seeking a declaratory judgment that it was not obligated to provide coverage to Markowitz. *See* Compl., ECF No. 1.

The dispute now before the Court arose during discovery. Masarwa and Two Jays served a document request on First Mercury on April 11, 2013 seeking records of any communications between Markowitz and First Mercury, Crum & Forster, or Capehart & Scatchard relating to the underlying state court litigation. *See* Paone Aff. Ex. G. Plaintiff objected, claiming that any such documents would be privileged. *See* Paone Aff. Ex. H. On May 29, 2013, Markowitz provided a letter to Masarwa's counsel stating in part that "[b]ased upon the settlement entered into between myself and your clients . . . and considering my duty to cooperate in connection with your litigation . . . I have agreed to waive any attorney/client privilege I have or may have with First Mercury, Crum & Forster, and/or Capehart Scatchard." Paone Aff. Ex. I.

On June 26, 2013, Markowitz wrote another letter addressed to Capehart, enclosing his original letter and requesting that Capehart forward a copy of his file from the underlying litigation to Masarwa's counsel. *Id.* He informed Capehart that his original letter had waived "any attorney/client privilege that applies to any of the materials I am requesting you to send to" Masarwa's counsel. *Id.* Masarwa's counsel mailed Markowitz's letters to Capehart along with a

**NOT FOR PUBLICATION**

letter of their own asking for, among other things, "copies of all correspondence and emails between your firm and Mr. Markowitz." *Id.* Capehart attorney Peter Bejsiuk produced the requested documents to Masarwa's counsel, including an email in which Markowitz had said that he believed he originally started Two Jays as a 50% shareholder before withdrawing. Second Paone Aff., Ex. A, ECF No. 70.

But Bejsiuk produced the email not just to Defendants but also to counsel for First Mercury. Cocoziello Letter, ECF No. 62 at 4. On January 20, 2015, First Mercury moved for an order ruling that Markowitz waived any claim to attorney-client privilege for the disputed communications. ECF No. 67. Masarwa and Two Jays opposed the motion, arguing that disclosure of the email did not waive privilege under the common interest rule. ECF No. 68. They moved for an order barring Plaintiff from using the email or any other communications between Markowitz and Capehart relating to the underlying suit. *Id.* These motions were argued before Magistrate Judge Waldor on March 27, 2015, and Plaintiff's motion was granted on September 1. ECF Nos. 77-78. Defendants now bring this appeal. ECF Nos. 78-79.

## STANDARD OF REVIEW

Under the Federal Magistrates Act, a magistrate judge's resolution of a nondispositive matter will be set aside if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir. 1986). A magistrate's finding of fact is clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lo Bosco v. Kure Engineering Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable

**NOT FOR PUBLICATION**

law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). The "phrase 'contrary to law' indicated plenary review as to matters of law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

## DISCUSSION

In *O'Boyle v. Borough of Longport*, the Supreme Court of New Jersey held that the common interest rule shields a disclosure of privileged documents to another party if "(1) the disclosure is made due to actual or anticipated litigation; (2) for the purposes of furthering a common interest; and (3) the disclosure is made in a manner not inconsistent with maintaining confidentiality against adverse parties." 218 N.J. 168, 190, 201 (2014). "The person asserting the privilege . . . bears the burden to prove it applies to any given communication." *Horon Holding Corp. v. McKenzie*, 341 N.J. Super. 117, 125 (App. Div. 2001).

The Magistrate Judge applied the *O'Boyle* test and found that the communications at issue here were not disclosed in a manner that was consistent with maintaining confidentiality against Plaintiff. *See* Letter Order at 5-7. Quoting Markowitz's letter, she noted that Markowitz expressly "agreed to waive any attorney/client privilege [he had] or may have with First Mercury Insurance Company, Crum & Forster, and/or Capehart Scatchard." Letter Order at 6. Based on this statement, she found that "Markowitz, an attorney himself, acting in conjunction with counsel for Masarwa and Two Jays should have realized that by issuing a blanket waiver of privilege to Bejsiuk, he risked disclosing these documents to other parties." *Id.* She emphasized that Defendants had failed to take measures to prevent disclosure to First Mercury and had served First Mercury with a document request asking for production of "the documents for which they are now seeking to claim privilege." *Id.* The Magistrate Judge also found that Bejsiuk's eventual disclosure to First Mercury was evidence that Markowitz's "directions were not made

**NOT FOR PUBLICATION**

in a manner to preserve confidentiality of the material and to prevent disclosure to adverse parties." *Id.* at 6.

Defendants argue that other language in the Markowitz's letter implied that disclosure was authorized only for the limited purpose of releasing communications to his codefendants. ECF No. 78 at 9-10. Specifically, Markowitz wrote to Masarwa's counsel that he was waiving privilege "[b]ased upon the settlement entered into between myself and your clients . . . and considering my duty to cooperate in connection with your litigation . . . ." Paone Aff. Ex. I. He also wrote that the letter was "confirmation of my waiver of attorney/client privilege so that any documents requested . . . may be produced to you." *Id.* Defendants also point out that the privilege belonged to Markowitz and could not have been waived by Masarwa's initial document request. ECF No. 81 at 3. They also maintain that Bejsiuk's disclosure of the documents to Plaintiff could not have been anticipated because the New Jersey Rules of Professional Conduct prohibit a lawyer from revealing information relating to client representation without that client's consent. ECF No. 78 at 10-11 (citing N.J. R. Prof. Conduct 1.6(a)).

In *O'Boyle*, the court ruled that the communications at issue were shielded and noted that the attorney had taken steps to minimize the risk of "even an inadvertent disclosure." 218 N.J. at 200. In contrast, Markowitz's statement that he had waived "*any* attorney/client privilege that applies to *any* of the materials I am requesting" heightened the risk of inadvertent disclosure even when read together with his other statements in his letters. Paone Aff. Ex. I (emphasis added). This risk was raised even further because his letters were written after Masarwa's request for these documents had been served on First Mercury, which increased the likelihood that the documents might be formally produced to counsel for all parties if clear instructions to the contrary were not given. Additionally, the fact that Bejsiuk, an attorney, produced the disclosed

**NOT FOR PUBLICATION**

material to Plaintiff is circumstantial evidence that Markowitz's instructions were not given in a manner that was consistent with preserving confidentiality. The rule that an attorney may not reveal information relating to client representation without that client's consent is of minimal relevance here because Markowitz's letter can be and was read as having provided that consent.

The Supreme Court of New Jersey recognized that, in such a case, the "inquiry invariably devolves to an examination of the nature of the disclosure itself." *O'Boyle*, 218 N.J. at 192. Examining the nature of the disclosure here, and weighing the evidence presented by both sides, the Court is not convinced that Defendants met their burden to establish that the disclosure was protected by the common interest rule. It follows that the Magistrate Judge's application of *O'Boyle* was not contrary to law.

## CONCLUSION

Plaintiffs' motions to set aside the Magistrate Judge's order, ECF Nos. 78 and 79, are DENIED. An appropriate order follows.

Date: October 20, 2015

Hon. William H. Walls
United States Senior District Judge